IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUANE BARTHOLOMEW PETERS, | : : : | No. 4:07-CV-1715 |
| Petitioner, | : : | (District Judge John E. Jones III) |
| v. | : : | (Magistrate Judge Smyser) |
| PA ATTORNEY GENERAL, | : : | |
| Respondent. | : : | |

## MEMORANDUM

### November 6, 2008

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the report of Magistrate Judge Malachy E. Mannion (Rec. Doc. 4) which recommends that the petition of Duane Bartholomew Peter, an inmate at the State Correctional Institution, Dallas ("SCI-Dallas"), for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Rec. Doc. 1) be denied. Peters filed objections to the report (Rec. Doc. 7), but the Respondents have not filed any documentation in opposition to these objections. Nonetheless, the issue is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's recommendation and deny the petition.

**I.    STANDARD OF REVIEW**

1

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. Id. Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Raddatz, 447 U.S. at 674-75; see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## II. STATEMENT OF FACTS

### A. HABEAS CORPUS AVERMENTS

Peters filed the present § 2254 petition, self-styled as a "Petition for Writ of Habeas Corpus, Affidavit of Specific Negative Averment, Affidavit of Intent Premise, Notice of Unlimited Commercial Liability Commercial Activity, Notice and Warning of Commercial Grace," on September 20, 2007. While the petition mentions his conviction in Dauphin County Court of Common Pleas, he fails to mention how that conviction is unconstitutional. What he does allege, however, is

the following litany of stipulations, which can only be described as unintelligible gibberish:

1. Respondent is acting under "alleged authority" of some War Powers in accordance with acting under alleged "authority" of some War Powers, such as the <u>Trading With The Enemy Act</u> of October 6, 1917, as amended on March 9, 1933, codified in 12 USC 95, which is the "Law of necessity," i.e. "law of the jungle," i.e. "no law."
2. Any action of any kind by anyone against One[1] re this instant matter hereinafter constitutes a deliberate act of war against One, the united [sic] States of America and the government and people thereof, TREASON against the Constitution of the United States, 1787.
3. Respondent is operating on alleged authority of a letter of marque and reprisal issued by an undisclosed party.
4. Any papers, notices, subpeonors [sic], warrants indictments, and the like which One receive [sic] hereinafter are of no legal force andor [sic] lawful effect. Due to being hostile acts of aggression, and One can legally and lawfully disregard all of said paperwork without legal possibility for reprisal under the principle conveyed in and by the Fifth Amendment to the Constitution of the United States, 1787, Bill of Rights, 1791.
5. No valid, enforceable, and bona fide contract between One and Respondent is possible due to the duress, fraud, malice, and undue influence inherent in Respondent's, non-disclosure, and acts of war, levying war, and mixed war against One and One's country.
6. All commercial intercourse between enemies is both prohibited and cannot be made obligation [sic] or obligatory between One and Respondent
7. One is authorized to lodge One's Criminal Complaint with the Provost Marshal with the military of the United States of America and World Court for War Crimes against indigineous [sic] people and humanity

(Rec. Doc. 1). The Respondent did not file an answer to the petition.

---

[1] We assume that he references himself as "One."

**B.     THE REPORT AND RECOMMENDATION**

On September 20, 2007, the Magistrate Judge entered a report which recommended that Peters' motion be denied. (Rec. Doc. 4). The report concludes that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[2] the instant petition must be dismissed because it is frivolous.[3] The Magistrate Judge aptly notes that district courts "have a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141; accord Mayle v. Felix, 545 U.S. 644, 670 (2005) (stating that the court has a duty to screen out frivolous habeas corpus applications).

Magistrate Judge Mannion proceeded to conclude that the instant petition was frivolous because, while Peters referenced his Dauphin County Court of Common Pleas conviction, he failed to assert an identifiable constitutional challenge to that conviction. Therefore, the Magistrate Judge recommended that

---

[2] This rule states, in relevant part, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rules Governing Habeas Corpus Cases R. 4.

[3] The Magistrate Judge notes, "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . .'" (Rec. Doc. 4 at 2) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

we dismiss the instant petition because Peters had "no sound basis upon which to challenge the fact or duration of his confinement." (Rec. Doc. 4 at 4).

Peters lodged objections to the Magistrate Judge's Report and Recommendation by filing the self-styled "<u>Letter Rogatory</u> Written objections and Petition for review of Magistrate Judge's Proposed findings, recommendations or report By Special Appearance An Opportunity to Exhaust Administrative Remedies in the Admiralty. 10-Day Offer of Immunity." (Rec. Doc. 7). Although the Respondents did not file a brief in opposition to these objections, the matter is now ripe for the Court's review.

## III. DISCUSSION

As noted in the Magistrate Judge's Report and Recommendation, Peters' Habeas Petition failed to identify how his imprisonment in Dauphin County was unconstitutional. Furthermore, his objections to the Report and Recommendation not only fail to identify why Magistrate Judge Mannion was incorrect in denying his petition, it also fails to provide justification for his contention that either the fact or duration of his confinement was unconstitutional. In short, Peters has not identified any reason why his habeas petition should be granted or any reason why the Recommendation and Report denying the petition should be overruled. In lieu of elucidating such arguments, Peters instead embarks upon a course of nonsensical

rambling from which no legal argument can be discerned. Both his petition and his objections carry no merit and are therefore frivolous.[4] Consequently, pursuant to the dictates of the above-cited authority, we agree with the Magistrate Judge's Report and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt the recommendation of the Magistrate Judge to deny Peters' habeas petition. An appropriate order in accordance with this memorandum will be entered.

---

[4] We note that this is not the first time Peters has filed an action with utterly frivolous content. In Civil Action No. 4:06-935, our Memorandum and Order of August 1, 2006 (Rec. Doc. 25) adopted Magistrate Judge Mannion's Report and Recommendation dismissing Peters' complaint against thirty six state officials. In that order, we similarly noted that the submission was nonsensical, incoherent, and frivolous. Since the instant petition is of much the same nature, we will caution the petitioner against acting on his proclivity for filing frivolous submissions in the future, as such filings only serve to waste his time and ours.